## O. B. GARRISON & CO. v. MEYERS *et al.*

No. 5201.   Opinion Filed November 2, 1915.

(152 Pac. 838.)

1. **APPEAL AND ERROR—Harmless Error.** The court in every stage of action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error, or defect.

2. **SAME—Affirmance.** Although there may be errors, unless they resulted in substantial injury or injustice to the complaining party, the judgment must be affirmed.

3. **APPEAL AND ERROR—Scope of Review.** When an error has been committed upon the trial of a case, it is the duty of this court, upon an inspection of the entire record, to determine whether or not the defendant suffered any material injury from such error. Unless such injury appears, the error will not be ground for reversal.

(Syllabus by Robberts, C.)

*Error from District Court, Jefferson County;*
*Frank M. Bailey, Judge.*

Action by J. A. Meyers and others against O. B. Garrison & Co. Judgment for plaintiffs, and defendants bring error. Affirmed.

*Jones & Green* and *J. H. Harper,* for plaintiffs in error.

*Bridges & Vertrees,* for defendants in error.

Opinion by ROBBERTS, C. This case comes from the district court of Jefferson county. Evidence was introduced at the trial tending to show that the defendants in error were husband and wife, were engaged in farming, and worked jointly as partners, the wife working in the fields, and claiming to have a half interest with her husband in all the property involved, under an agreement entered into between them. The plaintiffs in error were partners, engaged in the general mercantile business at Ryan, Okla., under the firm name and style of O. B. Garrison & Co. On the 7th day of February, 1908, defendants in error being indebted to plaintiffs in error, for the purpose of securing said indebtedness, and to secure the payment of further purchases of the defendants in error, J. A. Meyers executed and delivered to plaintiffs in error his promissory note for $575, secured by a chattel mortgage on certain property belonging to both the defendants in error. On the 4th day of November, 1908, defendant J. A. Meyers, to secure a further indebtedness of said parties, executed and delivered to plaintiffs in error two other notes, secured by mortgage on a wagon and 40 acres of cotton, belonging to defendants in error, said last notes being payable October 1, 1908, 1909. The defendants in error, for their cause of action, allege that in 1908 and 1909 they delivered to plaintiffs in error, and plaintiffs in error accepted in payment of said notes, money and property as follows:

```
8 bales of cotton at $60.00 a bale...........................$480.00
6 head of cattle valued at..................................  225.00
1 horse          "       " ..................................  125.00
1 wagon          "       " ..................................   85.00
1 gang plow      "       " ..................................   75.00
```

| | | | |
|---|---|---|---|
| 1 cultivator | " | " | 25.00 |
| 1 corn planter | " | " | 40.00 |
| 1 harrow | " | " | 10.00 |
| Work | | | 63.00 |
| Cash | | | 57.00 |

Aggregating ..........................................$1,185.00

Defendants in error further allege that said credits overpaid their indebtedness in the sum of $415, for which they pray judgment, with interest and costs. Two other causes of action were set up in plaintiffs' petition, but were disposed of on demurrer, and exceptions saved, but the overruling of said demurrers was not assigned as error, or grounds for rehearing in the motion for new trial, and we take it that counsel waive further contention thereon. The case was tried to a jury on the first cause of action, and, after hearing the instructions of the court, to which no exceptions were reserved, they returned their verdict in favor of the plaintiffs for the sum of $50, for which judgment was rendered by the court. The motion for new trial was overruled, exceptions saved, and defendants bring error.

The first contention of plaintiffs in error is that there was a misjoinder of parties plaintiff. Section 4690, Rev. Laws 1910, provides that:

"All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this article."

Section 4692 provides:

"Of the parties to the action, those who are united in interest, must be joined as plaintiffs or defendants."

The rule laid down in *Burkett v. Lehmen-Higginson Gro. Co.*, 8 Okla. 84, 56 Pac. 856, is, "Those between whom there is a unity of legal interest must be joined as"

plaintiff or defendant. There was some testimony tending to show that the defendants in error were partners, or joint owners of the property turned over to plaintiffs in error, in payment of the debts. The trial court instructed the jury on the theory that plaintiffs were both legally interested in the property, and no exceptions were saved to those instructions. This court will not disturb the findings of the jury and judgment of the court in that behalf.

The fourth and fifth assignments, "(4) Excessive damages appearing to have been given the plaintiff by the jury," and (5) "The verdict of the jury is not sustained by sufficient evidence, and is contrary to the law and the evidence," will be considered together. These assignments simply go to the weight and sufficiency of the evidence, and cannot be sustained. The evidence, as stated before, was submitted to the jury, and the trial court also heard the evidence and approved the verdict. The rule is too well settled in this court to require even another statement that, when the facts of a case have been properly submitted to a jury, and passed on by it, and approved by the trial court, the verdict and judgment will not be disturbed on appeal. The jury and trial court were better judges of the facts—better qualified to pass on the value of the property—and in every way more competent to arrive at a fair and just settlement of the matters in controversy between the parties, than this court could possibly be.

This brings us to a much more difficult question, namely, that the court erred in admitting evidence touching the second and third causes of action, which were eliminated from the case, when the demurrers thereto were sustained.

The questionable matter is the admission of evidence as to the value of the property involved in the second cause of action, for the reason that the jury might possibly have taken that into consideration in arriving at the value of the property turned over in payment of the notes. It is often very difficult for the appellate court to understand just why certain testimony is admitted in the trial, while to the *nisi prius* judge it appears entirely proper. The real question for this court to settle, even admitting error in the admission of the evidence, which we do not do, is, Did the admission of the evidence prejudice the rights of plaintiffs in error? The well-known rule is that error is never presumed, but must be clearly pointed out. As said in *St. L. & S. F. R. Co. v. Rushing,* 31 Okla. 231, 120 Pac. 973:

"The court in every stage of action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

When we take into consideration the amount of the indebtedness, and the value of the property turned over as testified to by the parties, we find no great discrepancy between the amount of the verdict and the difference between the value of the property and the debts. It is practically apparent that the jury did not take into consideration the value of the property involved in the second cause of action. The amount involved in the case is small. The able judge who tried it approved the verdict, and we are of the opinion that the judgment should be affirmed.

By the Court: It is so ordered.