## BAIRD et al. v. CONOVER et al.

No. 8223—Opinion Filed Nov. 20, 1917.

(168 Pac. 997.)

4. **Principal and Agent—Good Faith—Conversion—Liability.**

An agent is required to exercise the utmost good faith in dealing with his principal, and where an agent, employed to sell land, sells same and reports the sale and accounts to his principal for a less sum than the said land was in fact sold for, such agent is guilty of conversion of the difference between the price at which said land was sold and the price reported and accounted for.

2. **Brokers—Sale to Brokerage Firm—Disclosure.**

A real estate firm employed to sell land cannot legally sell such land to a member of such firm without first disclosing to their principal that the purchaser of said land is a member of said firm.

3. **Appeal and Error—Harmless Error—Admission of Evidence.**

The admission of evidence, unless it affects the substantial rights of the party objecting to such evidence, will not cause a reversal of the cause, notwithstanding such admission was technically an error.

4. **Appeal and Error—Assignments of Error—Consideration.**

Errors assigned to actions of the court in the trial of a cause which are not excepted to will not be considered by this court on appeal.

(Syllabus by Collier, C.)

Error from District Court, Bryan County; Jesse M. Hatchett, Judge.

Action by Mofford Conover and R. P. Luke against Frank P. Baird and Frank Lewis, administrator of the estate of W. A.

Lewis, deceased. Verdict and judgment for plaintiffs, motion for a new trial overruled, and defendants except and bring error. Affirmed.

Hatchett & Ferguson, for plaintiffs in error.

McPherren & Cochran, for defendants in error.

Opinion by COLLIER, C. This is an action brought by Mofford Conover and R. P. Luke, defendants in error, against Frank P. Baird and Frank Lewis, administrator of the estate of W. A. Lewis, deceased, plaintiffs in error, for the recovery of the sum of $1,580, with interest thereon from October, 1913, at 6 per cent. per annum, for conversion. Hereinafter the parties will be designated as they were in the trial court.

The uncontradicted evidence is that the defendants in error owned the land in controversy, and Frank P. Baird and W. A. Lewis composed a partnership under the firm name of Baird & Lewis, and were engaged in the real estate business in the town of Bokchito, Okla.; that said plaintiffs listed said lands for sale with the said firm through the said Frank P. Baird; that the said lands were sold by Baird and Lewis as the agents of said plaintiffs to one Clymer for the sum of $6,400; that the defendants falsely and fraudulently represented to the said plaintiffs that the said lands had been sold for the sum of $4,500, and accounted to said plaintiffs for same, deducting therefrom a commission, and falsely and fraudulently retained the difference between the actual price for which said land was sold and the said $4,500; that the plaintiffs resided in Indiana; and that subsequent thereto they removed to Oklahoma, and shortly after having moved to Oklahoma discovered the fraud that had been practiced upon them.

It was further in evidence that upon the sale of said land to Clymer the said defendants represented to Clymer that they were only receiving the sum $250 for their services for the sale of said land, and as an inducement to Clymer to buy, offered to divide with him one-third of the compensation they were to receive for the sale of said land; that plaintiffs removed to Oklahoma, and, upon being advised of the fraud that had been practiced upon them and that Clymer intended to enter suit against the said defendants on account of the sale of said land to him, said plaintiffs entered into an agreement with Clymer that if Clymer would not, as he threatened to do, enter suit against the defendants for re-

covery on account of the sale of said lands to him, plaintiffs would bring action against said Baird & Lewis, and would give Clymer one-third of any recovery that might be had against Baird & Lewis, and Clymer paid one-third of the deposit for costs of this action, and assumed to pay part of the attorney's fee incurred by plaintiffs.

Defendants objected to said Clymer's testifying, and moved the court to make an order requiring Clymer to be made party to the suit, which was overruled, but not excepted to.

There were various objections to the testimony as to transactions with and statements made by Lewis upon the ground that such evidence was in contravention of section 5049, Revised Laws of Oklahoma, which we deem unnecessary to recite, for the reason that the court sustained all of said material objections in regard to such evidence.

Defendant Baird testified in his own behalf, but after a careful consideration of his entire evidence we are unable to see that said evidence is the slightest basis for a defense to this action.

Instruction No. 1, given by the court, is assigned as error, but examination of the case-made discloses that no exception was taken by said defendant to the giving of said instruction.

Various instructions requested by the defendant were refused and excepted to. Most of these instructions were covered by the general charge of the court, and where not so covered were unsupported by the testimony.

The jury returned a verdict for the plaintiffs in the sum of $1,769.60. Defendants timely moved for a new trial, which was overruled and excepted to, and error brought to this court.

Very many errors are assigned which, after careful consideration of such of them as we can consider, we find are without merit. No exception was reserved to the general charge of the court, or to the refusal of the court to make Clymer a party defendant, and therefore these assignments are not considered.

After careful reading of the entire testimony, we are of the opinion, and so hold, that if we eliminate any reference whatever to any conversation or statements by the deceased, W. A. Lewis, the evidence sufficiently shows that Baird & Lewis were the agents of the plaintiffs for the sale of said land, and falsely and fraudulently dis-

charged their duties as such agents; that Baird, who was examined as a witness, did not even pretend to offer any legal reason whatever for the retention of the excess received for the land and that paid to the plaintiffs.

The nearest approach to any defense to this action is the shameful suggestion that W. A. Lewis was the party who offered $4,500 for the land; but there is not the slightest particle of evidence that any sale was ever made to Lewis or that the plaintiffs were advised that one of their agents was a proposed purchaser.

An agent must not, except with his principal's full knowledge and consent, enter into any transaction concerning the subject-matter of the agency in which he has interests adverse to those of his principal. Wassell v. Reardon, 11 Ark. 705, 44 Am. Dec. 245; Smith v. Goethe, 147 Cal. 725, 82 Pac. 384; Sessions v. Payne, 113 Ga. 955, 39 S. E. 325; Davis v. Hamlin, 108 Ill. 39, 48 Am. Rep. 541; Morey v. Laird, 108 Iowa, 670, 77 N. W. 835; Lum v. McEwen, 56 Minn. 278, 57 N. W. 662; Dorrah v. Hill, 73 Miss. 787, 19 South. 961, 32 L. R. A. 631; Atlee v. Fink, 75 Mo. 100, 42 Am. Rep. 385; Swindell v. Lathrop, 145 N. C. 144, 58 S. E. 1010, 122 Am. St. Rep. 430; Alger v. Anderson (C. C.) 78 Fed. 729.

31 Cyc. 1434, states the general rule as follows:

"As a general rule, it is a breach of good faith and loyalty to his principal for an agent, while the agency exists, so to deal with the subject-matter thereof, or with information acquired during the course of the agency, as to make a profit out of it for himself in excess of his lawful compensation; and if he does so he may be held as a trustee and be compelled to account to his principal for all profits, advantages, rights, or privileges acquired by him in such dealings. * * *"

The said rule as stated by Cyc. is abundantly supported by many of the courts of last resort of the Union.

It is certainly a well-settled doctrine that agents must act honestly with their principals, and we think it will be difficult to find a case in which a more glaring breach of duty has occurred than in the instant case. It is the duty of an agent to be loyal to his principal, and to act with entire good faith for the furtherance of the interests of his principal in all dealings concerning or affecting the subject-matter of his agency. 31 Cyc. 1430, and the very many authorities there cited.

In Stearns v. Hochbrunn, 24 Wash. 206, 64 Pac. 165, it is said:

"A broker employed to procure a purchaser for the real property of another must, like all other agents, exercise good faith towards his principal. He is not permitted to speculate with the subject-matter of his agency to his own advantage. If he sells for one price and reports a less price, or if he is authorized to sell at a certain price and sells for a higher price than that authorized, he must account to his principal for the difference."

If the court erroneously admitted any of the declarations of Lewis, which we do not hold, such errors in no wise affected the merit of this case, and would not be such errors as would work a reversal.

We are of the opinion, and so hold, that not only was Baird and his partner civilly liable for the conversion of the money sued for, but that they were also criminally liable for embezzlement, and we feel that this court cannot be too emphatic in condemning such transactions as are developed by the trial of this case.

The judgment of the lower court is affirmed.

By the Court: It is so ordered.