### MEADOWS v. NEAL et al.

No. 9428—Opinion Filed Aug. 13, 1918.

Rehearing Denied Sept. 17, 1918.

(174 Pac. 753.)

**Contracts—Enforcement.**

In the absence of fraud, duress, undue influence, or mistake, the courts are not concerned with the fairness or unfairness, the folly or wisdom, or inequality of contracts, as these are questions exclusively within the rights of the parties to adjust at the time of entering into the contract, and the court will not refuse to enforce a contract because the same may be unjust or unfair.

(Syllabus by Pryor, C.)

Error from County Court, Comanche County; R. J. Ray, Judge.

Action by M. M. Meadows against J. D. Neal and C. F. McCarty. Judgment for defendants. On appeal to the county court, on a trial, judgment was rendered for defendants, and plaintiff brings error. Reversed, with directions to grant new trial.

W. C. Henderson, for plaintiff in error.

John F. Thomas, for defendants in error.

Opinion by PRYOR, C. This is an action commenced in the justice court for the City of Lawton district, by the plaintiff, M. M. Meadows, against J. D. Neal and C. F. McCarty, composing the firm of Neal & McCarty, for the recovery of balance alleged to be due plaintiff for hay sold and delivered to defendants, and for pasturage. The plaintiff alleged in his bill of particulars that he sold to the defendants 50 tons of hay at $13.50 per ton, amounting to $674.05, and at the same time he also sold defendants 40 acres of land for pasturage at $25, making the full sum due plaintiff for said hay and pasturage, $699.05; that defendants paid plaintiff $600, leaving a balance due plaintiff, $99.05. Defendants filed an answer and counterclaim, alleging that they purchased of the plaintiff a rick and three stacks of hay, which plaintiff represented to contain about 50 tons, and that they paid plaintiff the sum of $600; that the hay, when measured and weighed, contained only 25½ tons, for which they had agreed to pay **$13.50** per ton, making the amount defendants owed plaintiff for said hay and pasturage the sum of $369.25; that in reality the defendants overpaid the plaintiff the sum of $230.75, and asked judgment against plaintiff for the sum of $200, the extent of the jurisdiction of the justice court. The plaintiff's reply consists of a general denial. Trial in the justice court resulted in judgment in favor of defendants for the sum of $184.50 and costs. Plaintiff took an appeal to the county court of Comanche county, where the case was tried to a jury, and verdict rendered in favor of the defendants in the sum of $102.50. From this judgment, plaintiff appeals.

The only question raised for determination on appeal is the correctness of the instructions of the trial court to the jury. The court's instruction No. 2 is as follows:

"You are instructed that, if you find that the plaintiff and the defendant agreed upon a rule by which to measure the hay sold by plaintiffs to defendants, both parties believing that such rule was correct, if you find any rule was agreed upon, and you should further find that such rule was not correct, and would not and did not give the approximate amount of hay, but was grossly incorrect, and would be unjust to enforce such rule, then the defendant would not be bound by such rule, and you are instructed that you are authorized to disregard such rule, and arrive at the amount of hay sold by

plaintiffs to defendants by all of the evidence in the case, and in determining the amount of hay sold by plaintiffs to defendants, you will use the 6½ cube, or 274 cubic feet, for a ton."

The hay in question consisted of one rick and three stacks. The evidence of the plaintiff and defendants is in direct conflict as to the amount of hay contained in the rick and stacks, and as to the method of measurement of the hay agreed upon at the time of the sale. The plaintiff testified that by specific agreement between the parties the amount of hay contained in such rick and stacks should be determined by the following method of measurement: One-third of the circumference should be the diameter, and one-third of the distance over the stack should be the height; that the number of cubic feet per ton should be 6½x6½x6½. One of the defendants testified that the method of determination of how many cubic feet should be considered as a ton was agreed upon, but stated that there was nothing said as to the method of calculating the volume of the stacks. The plaintiff gave John D. Kennard, civil engineer, the measurement of the stacks and rick, and had him make calculation of the number of tons in the rick and stacks, which he did, and found the rick and stacks to contain 49.93 tons. The defendants introduced witnesses, one of whom was Prof. Scruggs, who testified to having made calculations based upon the same figures and dimensions of the rick and stacks as agreed upon, and found by calculation that the rick and stacks contained only 28.8 tons.

There is no dispute as to the price to be paid per ton; both parties agreeing upon $13,50 per ton. It will be observed the court instructed the jury that if they found that a rule of measurement was agreed upon by the plaintiff and defendants, and further found that such rule was not correct, but was grossly incorrect, and it would be unjust to enforce such rule, then the defendants would not be bound by such rule, and the jury was authorized to disregard such rule, and determine the amount of hay sold defendants by plaintiff by the evidence in the case. This instruction in effect gave the jury the authority to hold the contract invalid and unenforceable, if in their opinion the same is not fair, reasonable, and just. The court and the jury are not concerned in the wisdom or folly, fairness or inequality, of contracts, in the absence of fraud, duress, or the like; they are only concerned with the legality of the contract. The parties, exercising their inherent contractual rights, have a right to make what-

ever bargain they see fit, and the adequacy of the consideration, the value of the thing bargained for, the equality of the terms and conditions imposed upon the parties to the contract by themselves, are matters within their exclusive right to look to at the time of making the contract, and the court will not interfere with the contract of parties entered into free from fraud, duress, mistake, or the like.

"If the parties get that which they bargained for, and were not acting under mistake, fraud, or the like, the courts do not concern themselves with the relative values exchanged or the wisdom of the contract." Elliott on Contracts, vol. 1, § 209, and numerous cases cited in note 54.

"The courts are not concerned with the wisdom or folly of contracts." Florida Ass'n v. Stevens, 61 Fla. 598, 55 South. 981.

"In the absence of fraud or overreaching, the adequacy of the consideration is solely the business of the parties. The court inquires only into its legality; not whether an improvident bargain has been made." Nelson v. Brassington, 64 Wash. 180, 116 Pac. 629, Ann. Cas. 1913A, 289.

According to the plaintiff's testimony, the parties specifically agreed upon the rule of measurement to be used in ascertaining the number of tons of hay in said rick and stacks, at a stipulated price per ton. Under the above authorities the parties were bound by this agreement, and in the absence of fraud, duress, or mistake the court or the jury is without authority to abrogate this express agreement, and determine the amount of hay sold and the price to be paid therefor in some other method.

The court therefore committed prejudicial error in giving the instruction, and the cause should be reversed, with directions to grant a new trial.

By the Court: It is so ordered.