## BOATMAN v. COVERDALE.

No. 9689—Opinion Filed Sept. 14, 1920.
Rehearing Denied Dec. 7, 1920.

(Syllabus by the Court.)

**1. Evidence—Judicial Notice—Matters Subject.**

In order for a court to take judicial notice of a matter it must be of common and general knowledge within the limits of the jurisdiction of the court, and must be well established and authoritatively settled.

**2. Same—Train Schedules.**

The schedule time of the arrival and departure of trains at a particular place is so variable that courts will not take judicial notice thereof.

**3. Depositions—Admissibility—Cross-Examination.**

Where a party, in the taking of a deposition, is deprived of the right of cross-examination on account of the fault of the opposite party or his attorney, the testimony given in chief should not be admitted. The law, however, is satisfied where a party has been given sufficient notice of the time and place of the taking of the deposition and is given a reasonable opportunity for cross-examination.

**4. Appeal and Error—Harmless Error—Admission of Evidence.**

A cause will not be reversed for error in the admission of evidence where it does not appear to the court, after an examination of the entire record, that the error complained of has probably resulted in a miscarriage of justice.

**5. Trial—Demurrer to Evidence—Effect.**

A demurrer to the evidence admits the truth of all the evidence adduced and all facts which the evidence tends to establish, as well as every fair and reasonable inference to be drawn therefrom.

**6. Replevin—Judgment—Sufficiency of Evidence.**

The evidence in the record examined, and held sufficient to support the judgment for the plaintiff.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action in replevin by N. W. Coverdale against J. H. Boatman. Judgment for plaintiff, and defendant brings error. Affirmed.

Oliver C. Black and W. J. Davidson, for plaintiff in error.

Warren K. Snyder, for defendant in error.

RAINEY, C. J. In a replevin action in the district court of Oklahoma county, N. W. Coverdale, as plaintiff, recovered judgment against J. H. Boatman, as defendant, for the possession of a certain Haynes automobile, or its value, in the sum of $750. A jury was waived and the cause was tried to the court. The defendant, Boatman, as plaintiff in error, appeals from the judgment aforesaid. Plaintiff based his title upon a bill of sale to the automobile from his brother, Thos. W. Coverdale, and defendant based his right of possession on account of an alleged lien on the car for a debt owing him by Thos. W. Coverdale.

The first assignment of error is that the trial court erred in overruling defendant's motion to suppress the deposition of Thomas W. Coverdale, on the ground that sufficient notice was not given for the taking of the deposition and because of alleged irregularities of counsel at the time of taking of said deposition in denying the defendant the right of cross-examination of said witness. The notice to take the deposition was served upon the attorney for defendant in Oklahoma City on February 13, 1917, and recited that the deposition was to be taken in Kansas City, Missouri, on February 16, 1917, at eight o'clock a. m.

Section 5079, Rev. Laws 1910, requires that the notice to take depositions shall be served so as to allow the adverse party sufficient time, by the usual route of travel, to attend, and one day for preparation, exclusive of Sunday and the day of service. No evidence was offered as to the schedule time of the departure of trains from Oklahoma City and their arrival in Kansas City, but counsel for plaintiff in error insist that the trial court, and this court, will take judicial notice of such time, and that when so taken it will appear that the time provided by the above statute was not allowed. This contention cannot be sustained, for the reason that judicial notice will not be taken of the usual time of the arrival and departure of trains at a particular place. It is a matter that should have been proved at the trial. Wiggins v. Burkham, 77 U. S. 129, 19 L. Ed. 884; Pearce v. Langfit, 101 Pa. St. 507, 47 A. R. 737; 15 R. C. L. 1121. In order for a court to take judicial notice of a matter, it must be of common and general knowledge within the limits of the jurisdiction of the court, and must be well established and authoritatively settled. The schedule of trains is so variable as not to bring their

time of arrival and departure within the rule of judicial notice. Moreover, if a train leaves Oklahoma City at 7:25 in the evening for Kansas City and arrives there the following morning at eight o'clock ·(as stated in the brief of counsel for plaintiff and not disputed in the brief of counsel for defendant), the defendant had one full day for preparation and one full day for travel. Neither the 13th, 14th, 15th, nor 16th of February, 1917, fell on Sunday.

With reference to the defendant having been denied the right of cross-examination when the deposition of Thos. Coverdale was taken, the record shows that shortly after this witness was examined and had been excused one Mr. Finis Rosenberg appeared with the defendant, Boatman, and stated that he had been employed by the latter to represent him in the taking of the deposition and asked permission to cross-examine the witness, whereupon Mr. O. G. Briley, attorney for the plaintiff, refused to consent to the witness being cross-examined at that time and stated that during the examination of Coverdale the defendant voluntarily absented himself from the taking of the deposition and was not present when the examination was concluded either in person or by his attorney. Mr. Rosenberg then supplemented his statement by saying that the defendant absented himself during the examination of Coverdale from the place where the deposition was being taken for the purpose of consulting his attorney, whose office was directly across the hall, and the taking of the deposition was concluded while he was in conference with his said attorney.

It appears that the defendant's attorney in Oklahoma City, on whom the notice to take the deposition was served, did not accompany the defendant to Kansas City, and it further appears that the defendant arrived there on the 15th, and no reason was shown why he did not make arrangements with an attorney either on the 15th or the morning of the 16th to represent him at the taking of the deposition, which actually commenced on the afternoon of the 16th; nor after the taking of the deposition commenced did he ask that the examination be discontinued until his counsel came, or until he could arrange for counsel.

We agree with counsel for defendant that if defendant had been deprived of the right of cross-examination by reason of the fault of the opposite party or his attorney, the testimony given on examination in chief should not have been admitted, but from the circumstances above related we cannot say that such was the case. At least all the circumstances surrounding the refusal of the cross-

examination were before the trial court, and from these circumstances we cannot say that the court erred in refusing to quash the deposition. The law is satisfied when a party has been given sufficient notice of the time and place of taking the deposition and has been afforded a reasonable opportunity for cross-examination.

Complaint is made that the court committed reversible error in the admission of the testimony of the plaintiff, Coverdale, as to the value of the automobile in controversy. It is unnecessary for us to make specific reference to this testimony, for the reason we have examined all the evidence in the record relative to the value of the car and after an examination of the entire record, as required by section 6005, Rev. Laws 1910, we cannot say that the error, if any, in its admission resulted in a miscarriage of justice. On the other hand, the competent testimony exclusive of that complained of reasonably tends to show that the value of the car was at least $750, as found by the trial court.

Under the third assignment of error it is contended that the court erred in refusing to sustain a demurrer to plaintiff's evidence. This assignment, we think, is without merit, for the reason that plaintiff's testimony reasonably tends to prove that he was the owner of the automobile in controversy at the time of the institution of the action; and that he was entitled to the immediate possession thereof. It is not error for the court to overrule a demurrer to the evidence when the same, with every fair and reasonable inference to be drawn therefrom, is sufficient to support a verdict for the plaintiff.

Under the fourth assignment of error it is contended that the judgment of the trial court is wholly unsupported by the law and the evidence. It was the defendant's contention that Thos. Coverdale was indebted to him for borrowed money and gave him the possession of the car with the understanding that he could keep it until the debt was paid. Plaintiff's evidence was to the effect that the money Thos. Coverdale owed the defendant was for a gambling debt. Plaintiff's evidence that the car was sold to him by his brother, Thos. Coverdale, was not contradicted by any direct testimony. Under these circumstances it was a question for the trial court to determine whether the defendant's defense was true—that is, whether he had a lien on the car for money which he had loaned to Thos. Coverdale—or whether his lien and alleged possession were based solely on a gambling debt. It was proper for the trial court to judge the credibility of

the witnesses and the weight and value to be given their testimony, and since he found against the defendant, he necessarily accepted as true plaintiff's evidence that defendant was holding the automobile as security for a gambling debt.

Finding no reversible error in the record, the judgment is affirmed.

All the Justices concur, except RAMSEY, J., absent and not participating.