## SELBY OIL & GAS CO. v. ROGERS.

No. 12535—Opinion Filed Nov. 20, 1923.

Rehearing Denied Jan. 15, 1924.

**1. Negligence — Concurrence of Independent Acts—Liability.**

Where the concurrent acts of different persons, although acting independently, combine to produce a condition which is actionable negligence, each is responsible to one injured thereby for the entire result, even though the act or neglect alone of the one sued might not have produced the result.

**2. Appeal and Error — Witnesses—Competency—Discretion of Court.**

Where a witness testifies over objections to his competency, such alleged incompetency not being based upon any statutory provision, but upon a lack of qualification, the question of the competency and qualification of the witness is addressed to the sound judicial discretion of the trial court, and its ruling thereon will not be disturbed except for abuse resulting in manifest prejudice to the rights of the complaining party.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Pawnee County; Redmond S. Cole, Judge.

Action by William Rogers against Selby Oil & Gas Company, a corporation, to recover the value of certain cattle belonging to the plaintiff and alleged to have been killed through the negligence of the defendant. Judgment for plaintiff, and defendant brings error. Affirmed.

William Rogers commenced this action in the district court of Pawnee county June 10, 1920, and in his petition filed therein alleged in substance that during the first week in March, 1920, plaintiff was the owner of certain cattle described in said petition, and that said cattle were being pastured by him upon certain lands located in the northwest quarter of section 11, township 20 north, range 7 east in said county; that a small creek runs through and across said lands from the northeast to the southwest which was used by him for stock water for his cattle so pastured upon said lands; that near the source of said creek in section 1 of the same township and range, defendant was operating several oil wells and that it negligently permitted salt water and other refuse from said wells to drain and run into said creek, and so down upon and across the pasture lands of the plaintiff in the waters of said creek, polluting said stream and poisoning the waters so as to render the same unfit for the use of said stock for drinking purposes; that as a result of

the pollution of said stream some of plaintiff's cattle using said waters were poisoned and made sick and died as a result of drinking said water, and that by reason of the defendant's negligence in the manner stated this plaintiff suffered damages by the loss of said stock in the sum of $720.

Defendant answered by a general denial.

Trial was had on March 1, 1921, and resulted in a verdict in favor of the plaintiff for the sum of $462. Thereupon plaintiff filed a remittitur in the sum of $36. and judgment was rendered upon the verdict for the sum of $426. From the judgment so rendered, after unsuccessful motion for new trial, defendant has brought the case here for review by petition in error with case made attached. The parties will be hereafter referred to as plaintiff and defendant respectively, as they appeared in the trial court.

Edward R. Hastings, for plaintiff in error.

L. V. Orton, for defendant in error.

Opinion by LOGSDON, C. In its petition in error in this case defendant sets forth 17 specifications of error, but in the brief and argument only three propositions are presented which may be stated as follows:

(1) That the evidence is insufficient to support the verdict and judgment.

(2) That the court erred as a matter of law in certain paragraphs of its instructions to the jury.

(3) That the court erred in admitting certain testimony over the objections and exceptions of the defendant.

Under the first proposition the record has been carefully examined and it is found that the testimony reasonably establishes the following facts:

That in the fall of 1919 plaintiff purchased a number of cattle and pastured them during the winter of 1919-1920 upon the lands described in his petition; that the creek through this land, from which the cattle drank, had its source in a range of hills extending from the northwest quarter of section 1 over the northeast quarter of section 2, and that on the crest of these hills the defendant and other drilling companies had drilled a number of wells, some of which produced large quantities of salt water, while others produced it in smaller quantities; that the salt water and other refuse from defendant's wells would run into a small pond called a sump tank and from there into a large pond and from this

large pond, in times of heavy rains or overflows from other causes, the water would flow into this little creek and down it into the creek across plaintiff's land; that the salt water from defendant's wells was in relatively small quantities compared with that coming from other wells in the same vicinity.

That during the winter, and prior to March, 1920, the water in this stream was tasted by various witnesses and was very salty and had oil on it; that plaintiff was away from home when his cattle began taking sick and immediately upon his return he removed his cattle from access to this polluted water and purchased water for their use; that 11 head of his cattle died during the early part of March; that all of said cattle which died exhibited the same symptoms and died within a week or ten days of each other; that a post mortem examination of one of the animals by a competent veterinary disclosed that the lining of the two stomachs and the intestines had been eaten away and that they showed minute perforations, perhaps a thousand to the square inch; that salt poison in cattle results in the formation of muriatic acid which will produce the results found in the animal examined; that if tuberculosis, however, or any other similar disease had affected these cattle, this result would not have been produced.

With the record in this condition it cannot be said as a matter of law that the evidence was insufficient to authorize the verdict or to support the judgment rendered.

In this connection it is insisted by defendant that the court erred in admitting the testimony of Tan Rogers, the father of the plaintiff, to the effect that he had had experience with cattle poisoned by drinking salt water and that the death of plaintiff's cattle was, in his opinion, due to this cause. In view of the character of testimony given by the veterinary, and in the absence of any allegation or proof of the defendant that any other or different cause could have produced the result and brought about the condition found to exist in the dead animal which was examined, it is not apparent that the admission of this testimony over the objection of the defendant, if erroneous, was prejudicial. The competency of the witness to testify was a matter largely within the discretion of the trial court, and unless an abuse of this discretion is shown no reversible error is presented by this assignment.

A complaining party has the burden of pointing out and showing the prejudicial effect of testimony erroneously admitted or excluded where such prejudice is not apparent on the face of the record. This has not been done in reference to the testimony of Tan Rogers.

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." Comp. Stat. 1921, section 319.

This statute applies in the situation here presented. Hertzel et al. v. Weber et al., 31 Okla. 5, 120 Pac. 589; O. B. Garrison & Co. v. Meyers et al., 52 Okla. 100, 152 Pac. 838; Bair v. Conover, 66 Okla. 288, 168 Pac. 997; Boatman v. Coverdale, 80 Okla. 9, 193 Pac. 874.

Defendant complains of instructions numbered 5 and 6 given to the jury. Paragraph No. 5 is based upon section 7969, Comp. Stat. 1921, and appears to be a correct statement of the substance of that section and a correct direction to the jury thereunder. Paragraph No. 6 of the instructions appears to be a correct statement of the conditions under which the defendant would be liable, and concludes with this language:

"And you are further told that it is no defense that others may have contributed to such pollution."

This is a correct statement of the law under the holding of this court in Northup et al. v. Eakes et al., 72 Oklahoma, 178 Pac. 266, and followed in Walters et al. v. Prairie Oil & Gas Co., 85 Okla. 77, 204 Pac. 996.

Defendant's third proposition has been discussed and disposed of by the conclusion reached upon the first proposition above, and it is unnecessary to further discuss the admissibility of the evidence or the competency of the witness as complained of under the third proposition.

It is therefore concluded upon the whole case that the assignments of error are not well founded, and that the judgment of the trial court herein should be in all things affirmed.

By the Court: It is so ordered.