## JOHNSON v. RICHARDS.

No. 13558—Opinion Filed April 15, 1924.

Rehearing Denied June 3, 1924.

**1. Contracts—Enforcement by Courts.**

In the absence of fraud, duress, undue in-

fluence, or mistake, the courts are not concerned with the fairness, or unfairness, folly or wisdom, or inequality of contracts, as these are questions exclusively within the rights of the parties to adjust at the time of entering into the contract.

## 2. Appeal and Error—Findings—Conclusiveness.

Where a jury is waived, the findings of the court are entitled to the same weight and consideration that would be given to a verdict of a jury, and, if there is any evidence, including any reasonable inferences, tending to support the findings, the Supreme Court will not disturb the same on appeal.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Washington County; J. R. Charlton, Judge.

Action by Clifford Johnson against Minnie O. Richards and others. Judgment for defendants. Plaintiff appeals. Affirmed.

Neff & Neff, for plaintiff in error.

Rowland & Talbott, for defendants in error.

Opinion by RUTH, C. Plaintiff in error, Clifford Johnson, as plaintiff below, filed his action against the defendants in error, Minnie O. Richards and others, as administrators of the estate of A. A. Richards, deceased, for cancellation of a deed, and for convenience the parties will be designated as they appeared in the court below.

Plaintiff in his petition alleges he was, in 1918, the owner of certain real property consisting of 70 acres of land in Washington county, and on February 22, 1918, while in an intoxicated condition, which condition was brought about by the agents of the said A. A. Richards furnishing him with whisky, the plaintiff was induced to sign a deed conveying the land to Richards; that the consideration of $4,500 was grossly inadequate; that he was induced by his father and one A. A. Taylor to sign the deed, and prays cancellation of the same, and for an accounting from the defendants for gas and oil rentals and royalties.

In his amended petition, plaintiff further alleges the defendants' agents "deliberately corrupted plaintiff's father, and paid the father a sum of money to induce plaintiff to execute the deed."

Defendants, by answer, specifically deny plaintiff was drunk and did not know what he was doing; deny they ever furnished him any whisky, and deny the consideration was inadequate.

Upon reply being filed, a jury was waived, and the cause tried to the court, and the issues found for the defendants and plaintiff appeals.

The testimony of the plaintiff discloses he was a man of 23 years of age, intelligent, well educated, and this action was filed three years after the signing of the deed. Plaintiff further testifies he was introduced to one B. E. Capps, agent for A. A. Richards; that plaintiff's father and A. A. Taylor said, "Here is a man who wants to buy your land"; that plaintiff replied, "The land is not for sale," and Capps said "lets have a drink and have a good time". That some three or four weeks thereafter plaintiff met Capps and had a few drinks and on February 22, 1918, at about 9 A. M., plaintiff, Capps, William Johnson, plaintiff's father, and A. A. Taylor closed the deal, plaintiff receiving four drafts for $1000 each and one for $500. Plaintiff further testifies he immediately purchased an automobile, and on February 25, deposited the balance of the money in the bank at Vian, Okla.

The drinking is denied by all parties except plaintiff, and they testify plaintiff was not drunk, and showed no signs of drinking; the automobile dealer from whom plaintiff purchased a car within an hour after he received his money testified plaintiff showed no signs of having been drinking, and the woman notary who acknowledged the signature testified he showed no signs of drinking, and the signature to the deed, the signature on the drafts indorsed over to the automobile dealer, the signatures on the drafts deposited in the bank at Vian (photographic copies being introduced in evidence), showed the plaintiff's signature in a remarkably clear, legible hand, and show no indication of an abnormal condition, and after reviewing all the evidence, we find no error in the court finding the plaintiff was not under the influence of whisky when the deed was executed.

The next assignment of error presented alleges that court erred in not holding the deed voidable for reason the defendants agent paid William Johnson (father of the plaintiff) a commission for procuring the execution of the deed, and argues the proposition on the theory that Taylor and the father of plaintiff were acting as agents of the vendor and vendee, and receiving commissions from both parties, without the knowledge of the plaintiff, citing numerous authorities, some from this court as follows: Daniel v. Tolon, 53 Okla. 666, 157 Pac. 765: Levy v.

Gross, 46 Okla. 626, 149 Pac. 237; Plotner v. Chilson, 21 Okla. 224, 95 Pac. 775; Skirvin v. Garner, 36 Okla. 613, 129 Pac. 729; Paden v. Marler et al., 78 Okla. 200, 189 Pac. 741; Baird v. Conover, 66 Okla. 288, 168 Pac. 997.

A careful examination of the cases cited discloses they are not in point with the theory advanced in this case, as the cases, supra, turned upon the right of the agents to collect commissions from both parties, or for the recovery by the vendor or vendee of the difference between the sum actually received for the property by the agent, and the sum actually returned to the vendor as the full purchase price of the property, and the validity of the transaction, so far as the execution of the deed, or the right of rescission is concerned, is not discussed in these cases.

It is true it has been held in some states that "where an agent acted for both parties in procuring an exchange of lands, the contract to exchange was voidable." Hoerling v. Lowery (Wash.) 108 Pac. 1090; Neuman v. Friedman (Mo.) 136 S. W. 251; Meyer v. John S. Corley Pub. & Promoting Company (Mo.) 162 S. W. 273; Clark and Skyles on Agency, 1905 Ed.

The rule there laid down has no application to the facts under review. The witness Capps testified he was called at his hotel and informed the parties were ready to close the Johnson deal, and he told them over the phone to meet him at the office of Maxey and Brown, in the Pheonix building, at 9 a. m., that he had not seen the plaintiff; that he had not been in Muskogee for more than a week prior to the closing of the deal; that no whisky was furnished by him at any time to plaintiff; that at 9 a. m. the witness Capps, the plaintiff Clifford Johnson, William Johnson, A. A. Taylor, and a woman stenographer were present; the deed was executed and Capps endorsed and turned over $5,200 in drafts of A. A. Richards, and witness does not know how the money was divided, and there is a total lack of evidence that William Johnson and A. A. Taylor received more than one commission. Plaintiff testifies he was under the influence of his father, and the evidence shows the father and Taylor were "brokers" and the father advised the plaintiff to sell at the price offered, as the best price theretofore offered was but $2,500.

We cannot find there was any undue influence, fraud, duress, mistake or betrayal of confidence.

Plaintiff contends the consideration was inadequate. Evidence was introduced to show that land in that vicinity was worth from $55 to $70 per acre for agricultural purposes, and one witness testified he talked to a driller, who said the royalty oil would be about two and three-quarters to three barrels per day, but there is no direct evidence by plaintiff or any other person, as to what quantity the royalty oil amounted to, and as the court found the plaintiff was not drunk, but was possessed of all his normal faculties; that no fraud was practiced; no duress or undue influence exerted, the judgment of the court will not be reversed upon the ground of inadequate consideration.

"In the absence of fraud, duress, undue influence or mistake, the courts are not concerned with the fairness or unfairness, or the folly or wisdom or inadequacy of consideration of contracts, as these are questions exclusively within the rights of the parties to adjust at the time of entering into the contracts." Meadows v. Neal, 73 Oklahoma, 174 Pac. 753.

The cause was tried to the court, a jury being specifically waived, and after full hearing had, the court found for the defendants, and as the evidence reasonably tends to support the findings of the trial court, the judgment rendered will not be disturbed on appeal.

"In a law action where a jury is waived and the cause submitted to the trial court, the same rule that is applied to a verdict of a jury in reviewing such verdict on appeal, is applied to the judgment of the court acting in lieu of a jury, and, if the judgment of the trial court is reasonably sustained by the facts, the same will not be disturbed on appeal." Beard v. Herndon, 84 Okla. 142, 203 Pac. 226; Anicker v. Doyle, 84 Okla. 62, 202 Pac. 281; Leiberman v. Werring-Martin and Boise, 84 Okla. 168, 203 Pac. 1045; Schaff v. McGuyre, 86 Okla. 286, 208 Pac. 263; Gaines Bros. & Co. v. Citizens Bank of Henryetta, 84 Okla. 265, 204 Pac. 112.

Finding no error in the record, and that the judgment of the trial court is reasonably sustained by the evidence, for the reasons herein stated, the judgment of the court below should be sustained.

By the Court: It is so ordered.