Anthony P. GASKO, Appellant,

v.

Carolyn June GRAY, and Universal Distributing Service, a corporation, Appellees.

No. 43872.

Supreme Court of Oklahoma.

Oct. 31, 1972.

Rehearing Denied April 3, 1973.

Ed Abel, Lampkin & Wolfe, Oklahoma City, for appellant.

Donald F. Gust, Duchess Bartmess, Pierce, Duncan, Couch & Hendrickson, Oklahoma City, for appellee, Carolyn June Gray.

Jake Hunt, Hunt & Thomas, Oklahoma, City, for appellee, Universal Distributing Service, Inc.

IRWIN, Justice:

Appellant, Anthony P. Gasko, first instituted this personal injury action for damages against only one defendant, Carolyn June Gray. Thereafter, the deposition of a Mr. Craig, an employee of Universal Distributing Service, was taken. Subsequent to the taking of this deposition, Universal was joined as a party defendant. Universal had no notice of the taking of Craig's deposition and was not present when it was taken. Craig was not available as a witness at the trial.

The trial court refused to admit into evidence the deposition of Craig. The cause

was submitted to a jury and it returned a verdict for defendants (appellees). Judgment was rendered accordingly and appellant appealed.

Appellant was employed by defendant Universal to distribute hand bills door to door. Craig, an employee of Universal, drove Universal's truck-van and took appellant to a residential area in Oklahoma City. Craig stopped the van on the wrong side of a two lane residential street. Appellant got out of the van, walked behind it and started across the street to begin delivery. It was about seven o'clock in the morning and was still dark.

Defendant Gray lived approximately 200 feet to the west on the street where the van was parked. She drove in an easterly direction down the street and to the left of the center in order to go by the van. As she passed the van her car struck appellant. Mrs. Gray testified that she never did see appellant but stopped because she felt a bump sensation against her car. Appellant testified that once he was past the van he looked down the street to the west and saw no cars and did not see the Gray car until he was hit.

Appellant contends the trial court erred in refusing to allow the statements of Craig, as contained in his deposition, to be admitted into evidence as admissions against interest of Universal, since Craig was the agent and employee of Universal. Appellant cites 12 O.S.1971, § 447, which provides:

"When a deposition, or any part thereof, is offered to be read in evidence, it must appear to the satisfaction of the court that for some legal cause the attendance of the witness cannot be procured. *Provided, however, if the witness be a party to the action, or the agent, servant or employee of a party to the action, and his or her deposition has been taken, any part or portion thereof may be read in evidence, whether the witness be available in court or not, if such deposition is determined by the court to*

*contain admissions against the interest of said party to the action then on trial.* * * *."* (Emphasis ours.)

Appellant argues that the statements made by Craig in his deposition were obviously statements against the pecuniary interests of his employer, Universal, and therefore admissible under the italicized proviso above set forth; and the fact that Universal was joined as a party defendant after the deposition of Craig was taken is immaterial.

Appellant cites Harry v. Hertzler (1934), 185 Okl. 151, 90 P.2d 656, as controlling. In Harry we said that statements made by a party to a suit against his interest touching material facts are competent as evidence and may be introduced as admissions, and the fact that such admissions were made while the party was testifying as a witness in another proceeding does not militate against its conpetency nor destroy its probative value. In that case the Court pointed out that it was competent evidence as admissions against interest, even though inadmissible as a deposition.

In the instant proceeding, we are concerned with the deposition of Craig who is not a party to this litigation and Universal has never had a chance to cross-examine him. The Harry case is not applicable under the circumstances presented.

The italicized proviso above set forth became a part of statutory law by enactment of H.B. No. 1245 in 1968. 1968 Session Laws, Chapter 195, page 320. The title of the amendatory enactment relates to the "admissibility of depositions under specified conditions." Notwithstanding the purposes or under what conditions a deposition is sought to be admitted, the enactment presupposes that the deposition sought to be admitted meets the requirements of a deposition against whom it is sought to be admitted.

The above proviso could not be construed to mean that a party to an action may be deprived of the right to cross-ex-

amine a witness if that witness is an agent or employee of the party to the action on the grounds that it is an admission against the interest of an employer.

12 O.S.1971, § 423, defines a deposition as being "a written declaration, under oath, made upon notice to the adverse party, for the purpose of enabling him to attend and cross examine, or upon written interrogatories."

12 O.S.1971, § 439, prescribes the notice to be given before a deposition may be taken. Universal was given no notice of the taking of Craig's deposition and was not present when it was taken. In Boatman v. Coverdale (1920), 80 Okl. 9, 193 P. 874, our Court said that where a party, in the taking of a deposition, is deprived of the right of cross-examination on account of the fault of the opposite party or his attorney, the testimony given in chief should not be admitted.

██ Since Universal was not given notice of taking Craig's deposition and had no opportunity to cross-examine Craig, the deposition of Craig could not be admitted against Universal over Universal's objection. We hold the trial court did not err in refusing to admit the deposition of Craig in appellant's action against Universal.

██ Appellant next contends the trial court erred in refusing to allow the court reporter before whom Craig's deposition was taken, to testify concerning the statements made by Craig in his deposition. Appellant argues the court reporter's testimony was admissible under the authority of State ex rel. Blankenship v. Freeman, Okl., 440 P.2d 744, wherein we held that generally, any prior statement of a party-litigant, which constitutes an admission against interest, is admissible as substantive, original or primary evidence, if relevant to the matter in controversy.

In the case at bar, appellant, by attempting to introduce the testimony of the court reporter, attempted to do indirectly what he could not do directly, i. e., introduce the statements of Craig. Craig is not a party-litigant in this proceeding; and Universal has had no opportunity to cross-examine him. We hold the trial court did not err in refusing to allow the court reporter to testify concerning the statements made by Craig when he gave his deposition.

██ Appellant's next contention concerns the trial court's refusal to admit Craig's deposition under proper instructions regarding Gray. Appellant argues that even if Craig's deposition was not admissible against Universal, it was admissible against Gray who was a party to the action and was represented by counsel when the deposition was taken. Appellant argues that the deposition should be admitted against Gray because "Craig was the only witness who could positively testify that defendant Gray, was driving without her headlights." In this connection, Craig testified that as far as he could see, Gray had nothing but parking lights on; Gray testified she had her headlights on; and appellant testified when he started to step on the curbing of the street "something made me look up and when I looked up all I saw was an amber light. It was right on top of me."

The trial court refused to admit Craig's deposition against Gray on the theory that if it were admitted against her that she would be entitled to introduce into evidence those parts of the deposition that would be favorable to her and unfavorable to Universal who had no right of cross-examination. The trial court was of the opinion that there was no way the jury could be advised or instructed that Craig's deposition should be considered only in the action between appellant and Gray and erase from the minds of the jury those things that would be unfavorable or prejudicial to the rights of Universal.

Under the record presented, the jury could have found in favor of appellant against either or both of the defendants, or it could have found in favor of both defendants. Defendant Gray defended the

action on the theory of contributory negligence on the part of appellant and also that the accident was caused by the negligence of Universal. Gray plead these defenses in her answer prior to the time Craig's deposition was taken. Defendant Universal defended the action on the theory of contributory negligence on the part of appellant and that the accident was caused by the negligence of defendant Gray.

We have already held that Craig's deposition could not be admitted against Universal. This holding was not based on the testimony in the deposition but because Universal had no notice of taking the deposition and was deprived of the right to cross-examine Craig and as a matter of law Craig's deposition was not admissible against Universal. In resolving the present issue we have examined the testimony in the deposition and the testimony of Craig would be unfavorable or prejudicial to the rights of Universal. We agree with the trial court that it could not have advised or instructed the jury to consider Craig's deposition only in the action between appellant and Gray and erase from the minds of the jury those things which would be unfavorable or prejudicial to Universal's rights. We hold the trial court did not err in refusing to admit Craig's deposition against only defendant Gray.

Our determination herein should not be construed to mean that when two defendants are sued jointly and they may be held singularly or jointly liable, that a deposition which is inadmissible against one would or would not necessarily preclude its admission against the other. We do hold that the trial court did not commit reversible error in refusing to admit the deposition of Craig against defendant Gray.

■ Appellant contends the trial court erred in refusing to instruct the jury on the "assured distance ahead" rule as provided by 47 O.S.1971, § 11–801. Appellant argues that the evidence discloses that defendant Gray, after seeing appellant, was unable to bring her car to a stop before striking appellant.

There is no evidence in the record supporting this argument. Defendant Gray testified that she did not see appellant until after she had struck him. There is no evidence to the contrary. There is no evidence that defendant Gray did not have control of her car or that she was not driving her car with care or at a rate of speed that would not permit her to stop within the assured clear distance ahead. The evidence will not support an instruction on the "assured distance ahead" rule, and the trial court did not err in refusing to give such an instruction.

Appellant contends the trial court erred in refusing to instruct the jury that the violation of a state law or city ordinance is negligence per se and therefore the burden of proof shifts to the defendants when a violation is proven. Appellant relies upon Garner v. Myers, Okl., 318 P.2d 410, which involved an action for damages for injuries sustained by a guest passenger in a two-car collision. The accident occurred by reason of no fault of the driver of the plaintiff's (guest passenger's) car. Defendant was driving her car from the opposite direction and across the center of the highway in the lane of traffic for plaintiff's car in violation of the statutory rules of the road when the accident occurred. In that case we said that proof of such facts was prima facie evidence of defendant's negligence and cast upon her the burden of overcoming the presumption of negligence and showing that her violation of the statutory rules of the road was excusable under the circumstances.

In Garner, the only instruction given with reference to burden of proof cast upon plaintiff the burden of proving defendant's negligence by a preponderance of the evidence. There we said that the instructions, when considered as a whole, placed an undue burden on the plaintiff, to his probable prejudice, failing as they did

to give the jury proper guidance in determining the material issues in the case.

 Instructions of the trial court must be viewed in the light of the evidence upon which they operate and of the instructions as a whole. When thus considered, if it does not appear probable that the rights of the complaining party were prejudiced by alleged errors in the instructions, a verdict against said party will not be set aside on account thereof. Prudential Insurance Co. v. Foster, 197 Okl. 39, 168 P.2d 295.

In the case at bar, the undisputed facts disclose why defendant Gray was driving in the left lane of traffic when she struck appellant. The undisputed facts also disclose that Universal's van was parked on the wrong side of the street. The trial court's instructions covered defendants' duties in the operation of their motor vehicles. The facts also disclose that appellant was struck while he was crossing the street and the trial court instructed the jury concerning the duties imposed upon a pedestrian who crosses a street at a point other than within a marked crosswalk or within an unmarked crosswalk at an intersection.

Defendants defended the action on the grounds of contributory negligence on the part of appellant. This issue and the negligence of the defendants were placed before the jury and it resolved the issues in favor of defendants.

 We have examined the instructions in their entirety in light of the evidence upon which they operate, and when the instructions are considered as a whole, it does not appear that the rights of appellant were prejudiced. We hold the trial court's instructions do not constitute reversible error.

Certiorari granted; Court of Appeals' decision reversed; and judgment of the trial court affirmed.

DAVISON, V. C. J., and WILLIAMS, JACKSON, HODGES, LAVENDER, BARNES and SIMMS, JJ., concur.