## LADD v. ARDMORE STATE BANK.

No. 3683.    Opinion Filed October 6, 1914.

(143 Pac. 170.)

1. **BILLS AND NOTES**—Action Against Indorser—Answer—Sufficiency to Present Defense. Plaintiff sought to recover of defendant as an indorser on a promissory note. Defendant alleged facts showing he was acting for and as agent of plaintiff in allowing his name to be used as payee in said note and in indorsing same to plaintiff; that he had no interest in said note; that same was indorsed without any consideration; that the note was tainted with usury; that it was agreed between plaintiff and defendant that defendant was not to be held liable as indorser. Plaintiff filed a general reply and a motion for judgment on the pleadings, which motion was by the court sustained and judgment rendered against defendant for the amount sued for. **Held**, that the answer constituted a legal defense, and the court committed prejudicial error in sustaining the motion for judgment on the pleadings.

2. **CHATTEL MORTGAGES**—Construction — Debt Secured. Plaintiff sued to foreclose a lien on certain personal property belonging to defendant, which it claimed under a certain chattel mortgage, executed to secure a promissory note in favor of plaintiff for $155. This note had been paid before the institution of this suit. The mortgage contained a provision to the effect, ''and all other open accounts, owing by party of the first part to second party.'' It was not contended that defendant was indebted to plaintiff, other than on the note upon which defendant appeared as indorser. **Held**, that plaintiff had no lien upon said property by virtue of said mortgage, and the judgment of the trial court in favor of plaintiff for recovery of the property was erroneous and unauthorized.

(Syllabus by the Court.)

*Error from County Court, Carter County;*
*M. F. Winfrey, Judge.*

Action by the Ardmore State Bank against C. B. Ladd. Judgment for plaintiff, and defendant brings error. Reversed.

*L. S. Dolman,* for plaintiff in error.

*Sigler & Howard,* for defendant in error.

RIDDLE, J. Plaintiff in error, defendant below, prosecutes proceedings in this court from a judgment of the county court of Carter county. To his petition in error is attached a transcript of the proceedings of the trial court, and also a case-made. Plaintiff instituted a replevin suit against defendant for possession of certain personal property, claiming same under a chattel mortgage. The mortgage was executed to secure a specific debt, evidenced by a certain note in the sum of $155, of even date with the mortgage, to wit, December 30, 1908, due November 1, 1910. The note was payable to the order of the plaintiff bank. This note was not in controversy. It is further alleged:

"That the mortgage, besides securing the above indebtedness, especially provided that it should secure all open accounts owing by the said C. B. Ladd to the Ardmore State Bank, a copy of said mortgage is hereto attached and marked 'Exhibit A.' Thereafter, on January 29, 1910, the defendant indorsed and transferred to the plaintiff a certain note for $200, signed by L. F. Cohee and payable to C. B. Ladd; * * * that said note is still due and unpaid; that said Ladd, by reason of the nonpayment of the said note by the said Cohee, became indebted and bound to pay the plaintiff the sum of $200, with interest as above stated and ten per cent. attorney fee."

It is alleged that by reason of the nonpayment of said note, the conditions of the mortgage had been breached, and that plaintiff was entitled to a foreclosure of his mortgage lien. It prayed for judgment for the amount of the note and $50 attorney's fee, and for foreclosure of the mortgage.

The mortgage is in the usual form of chattel mortgages, with this provision:

"And all other open accounts, owing by party of the first part to second party, then this instrument to be void and of no effect; otherwise, to remain and be in full force and effect."

The second note referred to in the petition was of date January 29, 1910, and due October 1, 1910, and bearing the same date as the alleged indorsement. Defendant filed his answer, denying generally and specially each allegation of the petition, except such as are specifically admitted. He admits that he executed the mortgage set out in plaintiff's petition to secure an indebtedness of $155, and specially avers that the indebtedness had long since been paid and discharged, but that plaintiff had refused to discharge the mortgage of record. He further, sets up as a defense that while he appeared as payee in the note and indorser on same, yet in truth said note at the time it was executed was not the note of said defendant, and that defendant has never owned or been the holder of same; that said bank did not take said note in due course of business from defendant, but took the same, together with a chattel mortgage, in the name of defendant after an agreement between plaintiff and defendant, and in order to protect said bank against the charge of usury in said note, upon which it was agreed that this defendant should not be liable, but should act as payee and indorser of said note for the benefit of said bank; that on the date said note was taken, and for a long time prior thereto, defendant had been a customer of said bank, and collecting for said bank; that upon request of plaintiff, through its officers, he permitted his name to be used as payee in said note and mortgage given to secure it, with a distinct understanding that he should not be liable as indorser thereon. He further alleged that Cohee, the maker of said note, borrowed from said bank the sum of $150 upon said note, and that said note upon its face called for $200; and, in order that said Cohee could not plead the defense of usury on said note, defendant was requested by said bank to permit his name to be used as such payee; that said note and proceeds thereof and the mortgage never came into his hands, and was never held by him, and that he was never the owner or holder of same; that his name was used as

a trick and device on the part of said bank at its request, as above stated; that defendant received no consideration, nor paid out any money by reason of said note; that by reason of the confidential relation existing between plaintiff and defendant, he permitted his name to be used for the purpose of protecting the plaintiff; that plaintiff never sought to hold defendant on said note until after he had brought suit in his name against the maker, Cohee, in a justice of the peace court; and that by reason of the fact that defendant refused to testify that he was the owner of said note, plaintiff brought this suit against him. The answer was sworn to by defendant.

Plaintiff filed a reply, denying generally and specifically the affirmative allegations in the answer. It further denied the allegation that there was any agreement whereby the note in question should be taken in the name of the defendant, as alleged, and for the purposes alleged.

Thereafter plaintiff filed a motion for judgment on the pleadings, which was, on the 10th day of January, 1912, sustained and judgment rendered in favor of plaintiff for the sum of $269.90, and possession of the property described in the mortgage. To the action of the court sustaining said motion and rendering judgment on the pleadings, defendant excepted.

In his petition in error, plaintiff assigns the following errors:

"(1) The court erred in sustaining the motion for judgment on the pleadings. (2) The court erred in rendering and entering judgment against plaintiff in error and in favor of defendant in error upon the pleadings."

On the part of defendant in error, at the threshold of this case, we are met with the proposition that this court has no jurisdiction, first, for the reason that the case-made attached to the petition in error was not served within the time allowed by law; and, second, that the certificate to the transcript is insufficient. Suffice it to say that motions to dismiss upon these grounds have been denied. We have examined the record, however, and hold that these contentions are not well taken.

The only question we are called upon to determine by this record is: Did the answer state a legal defense to plaintiff's cause

of action? This question must be answered in the affirmative, and the judgment of the trial court must be reversed. It seems that the defendant in error and the trial court must have proceeded upon the theory that the matters and things set up as a defense by the plaintiff in error could not be proven under the rules of evidence, for the purpose of defeating plaintiff's cause of action. If the things alleged by defendant are true, as a matter of equity and justice plaintiff should not be permitted to recover against him. The question is: Did the matters alleged constitute a legal defense? By quoting from certain sections of the statute, it will disclose the relations of the parties. Under chapter 69, Comp. Laws 1909, designated "Negotiable Instruments," section 4464 ( Rev. Laws 1910, sec. 4079), it is provided:

"An accommodation party is one who has signed the instrument as maker, * * * or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

Under section 4486, *Id.* (section 4102, Rev. Laws 1910), a holder in due course and for value is defined as follows:

"A holder in due course is a holder who has taken the instrument under the following conditions. * * * 3. That he took it in good faith and for value."

If the facts alleged by defendant are true, he was merely the agent for the plaintiff, and is denominated, under the statute, an accommodation indorser. The transaction in executing the note in question, payable to the order of defendant, and immediately indorsed to plaintiff, was for the use and benefit of plaintiff, and no consideration whatever passed to the defendant to induce him to become the payee of said note and to indorse the same to the plaintiff.

Besides this, if his answer be true—and the effect of rendering judgment upon the pleadings necessarily concedes it to be true—the note is tainted with usury. We understand the law to be that the right to recover usurious interest is a personal

right in the party who has paid it, or agreed to pay same.   In the case at bar, it is alleged that on the $200 note only $150 was loaned, and that usury was charged.   Certainly, if this state of facts had been set up by the original maker of the note, it would have been a good defense to double the amount of the interest paid or agreed to be paid.   In other words, he would be entitled to an offset to that extent.   While the right to recover usurious interest, as we have said, is personal to the maker of the note, yet when the indorser on the note is sued upon the instrument, as in the case at bar, and he is also a party to the transaction in its inception, and the instrument is tainted with usury, we see no good reason why he should not be permitted to defend against said instrument, even had there been any consideration˙ for the indorsement, to the extent of the difference between the amount of money actually advanced on the instrument and the face of said instrument.   To this extent, it would be a failure of consideration.   The excess of the amount of money actually advanced, if it be usury, is illegal under the Constitution.   Williams' Ann. Const., sec. 314.   Of course this would not be true in case of a *bona fide* holder for value.   *Andrews v. Pond et al.,* 13 Pet. 65, 10 L. Ed. 61.   The rule, as laid down in 7 Cyc. p. 928, in regard to failure of consideration, is as follows:

"It is a rule essential to constitute a holder or purchaser for value in the commercial sense of the term that the transfer be supported by a valid and valuable consideration."

In 8 Cyc. p. 171, it is stated:

"Thus defendant must aver facts from which it positively appears or from which it can reasonably be inferred that plaintiff acquired the instrument in suit without consideration, and in some jurisdictions the answer must contain, in addition, an explicit denial that plaintiff is a *bona fide* holder for value."

Page 170, *Id.*:

"To question the *bona fides* of plaintiff or of the transaction whereby the note was obtained or by which he acquired the instrument in suit, or to enable defendant to avail himself of a defense which would have been good but for the transfer, he must allege specific facts sufficient to compel plaintiff to show

that he is a *bona fide* holder for value to defeat a recovery by him."

Under the same head, we quote from 7 Cyc. 692:

"The consideration for an indorsement may be sufficient to support it as a transfer, but not to create between the parties an indorser's liability, as in the case of a bill purchased or taken by an agent for his principal and indorsed by the agent to the principal." *Byers v. Harris,* 9 Heisk. (Tenn.) 652.

Page 691, *Id.*: ·

"The original consideration for the paper is not sufficient, however, to support an indorsement made by the delivery of the instrument, and a mere admission on the indorser's part that he had security for his indorsement will not dispense with the need of consideration and of due proof of it."

We are, therefore, of the opinion that the defendant's answer sets up a good and valid defense to plaintiff's cause of action, and that the court committed error in rendering judgment upon the pleadings.

A further question is raised that the court committed error in permitting a recovery of the property described in the mortgage, which was made a part of plaintiff's petition. It will be seen from the record that this mortgage was given to secure a promissory note other than the one sued on in this action, and that no reference is made to the note sued on, except that it is contended that the following language in the mortgage was sufficient to include the note sued on, to wit:

. "And all other open accounts owing by party of the first part to second party, then this instrument to be void and of no effect."

It is argued by defendant in error that this language should be held by the court to include the promissory note in question. It is further contended that, inasmuch as plaintiff caused the officers to seize and sell the property, the proposition is reduced to a mere hypothetical question. This contention is also untenable. The fact that the plaintiff has caused the officers to seize the property under a writ issued upon an erroneous judgment and to convert the property into money will not reduce the issue here involved to a mere hypothetical question.

It is admitted that, strictly speaking, the language of the mortgage, to wit, "and all open accounts owing by the said C. B. Ladd to the Ardmore State Bank," does not include a promissory note, or, in other words, that the indebtedness evidenced by the promissory note upon which suit was filed is not, legally speaking, an open account, but it is said that the contract should be construed so as to get the meaning of the parties. In construing contracts, courts can only gather the meaning of the parties from the language used. The safest rule is to give the language used its ordinary and common meaning, considering the subject-matter to which it is applied. We know no rule, however, either in legal or common parlance, whereby the words "open accounts" should be construed to mean or include a promissory note. Suffice it to say that courts do well when they enforce contracts equitably as the parties make them, and they have no power, and should sparingly exercise it had they the power, to make contracts for the parties. It was clearly error for the court to permit plaintiff to recover the property in controversy under the pleadings in this case, for the reason that it is affirmatively shown that plaintiff had no mortgage lien upon said property.

For the foregoing reasons, the judgment of the trial court is reversed, with directions to vacate the verdict and judgment rendered herein, and to proceed in said matter not inconsistently with this opinion. It is so ordered.

All the Justices concur.