## WETZEL v. RIXSE et al.

No. 12307—Opinion Filed Nov. 13, 1923.

1. **Appeal and Error — Questions of Fact —Verdict.**

Where there is testimony reasonably tending to support the verdict, the Supreme Court will not substitute its judgment for that of the jury, and the determination of questions of fact by the jury will not be disturbed on appeal.

2. **Same—Sufficiency of Evidence—Damages for Breach of Contract.**

Record examined, and held, that the trial court did not err in overruling the demurrer of defendant to the evidence of plaintiffs.

3. **Contracts — Action by Architect for Breach — Elements of Recovery.**

In an action to recover damages for the breach by defendant of an executory contract, whereby the plaintiff agreed to prepare preliminary drawings, complete working drawings and specifications, supervise the letting of contracts and supervise the construction of a brick building, the plaintiff is not entitled to recover for services performed under the contract subsequent to the breach by defendant, and is only entitled to recover such damages as had occurred up to the time the contract was broken.

4. **Same — Appeal — Excessive Recovery — Remittitur.**

Record examined, and held, that the verdict for $1,100 is excessive upon the facts proven, and that the judgment should be reversed and a new trial granted, unless a remittitur is filed for all in excess of $500, and interest thereon from the date of judgment, within 30 days from the receipt of the mandate by the trial court.

5. **Same—Sufficiency of Instructions.**

Record examined, and held, that the instructions given by the court to the jury fairly stated the law applicable to the case.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by F. D. Rixse and Charles B. Jenkins, partners, against Eugene Wetzel. Judgment for plaintiffs, and defendant brings error. Modified and affirmed.

J. F. King, for plaintiff in error.

James Q. Louthan, for defendants in error.

Opinion by FOSTER, C. This action was commenced in the district court of Kay county, Okla., on the 24th day of October, 1919, by F. D. Rixse and Charles B. Jenkins, partners, doing business as Rixse & Jenkins, defendants in error, plaintiffs below, against Eugene Wetzel, plaintiff in error, defendant below, to recover the sum of $1,820 as damages for the alleged breach by Wetzel of a written contract. The parties will be hereinafter referred to as they appeared in the court below.

The contract referred to is as follows:

"Ponca City, Oklahoma, 6-6-1919.
"Order for Architectural Services.
        "F. D. Rixse, Architect.

"You are hereby authorized to prepare preliminary drawings, complete working drawings and specifications, supervise the letting of contracts and supervise the construction of a brick building located at Ponca City, Oklahoma, for which services we agree to pay 3½% of the total cost of building and permanent fixtures.

"Terms of payment to be as follows: For preliminary drawings 1% of the estimated cost of the building same to be payable when preliminary drawings are approved. 1% when contract is let or within thirty days after plans and specifications are completed. Balance as work progresses.

"Remarks: The remainder of the 3½% to be made in two payments. One payment when the building is 50% done, and the balance when the building is completed.

"(Signed) Eugene Wetzel, Owner.

"Rixse & Jenkins Architects,

"By Charles B. Jenkins."

The petition alleged that the contract had been broken by the defendant on or about the 29th day of August, 1919, in that the defendant informed plaintiffs that he would not perform the contract and repudiated the same, and in performance of the contract they prepared all the preliminary drawings, complete working drawings and all plans and specifications for the construction of a brick business building, located in Ponca City, Okla., and had at all times been willing and able to perform all the services specified in said contract, and had been damaged in the sum of $1,820 on account of the alleged breach of the contract by the defendant, for which they demanded judgment.

The defendant filed an answer and cross-petition in which he admitted the execution of the contract, but denied that plaintiffs had prepared or submitted to the defendants any plans which he was able to use, in that the plans, drawings, and specifications submitted involved an encroachment of the proposed building on adjoining lots and buildings belonging to other parties on which the defendant had no right to go, and that the plaintiffs had wholly failed to comply with any part of their said contract, and that by reason of the failure of the plaintiffs to prepare the plans and specifications according to the contract, he was compelled to employ other architects, and was damaged on account of the delay in the construction of his building in the sum of $6,340.

The reply of plaintiffs was a general denial. The cause was tried to a jury which resulted in a verdict for the plaintiffs in the sum of $1,100. Judgment was entered upon the verdict, and the defendant brings the matter regularly on appeal to this court.

It is contended, first, that the verdict of the jury is not sustained by any evidence, and that the court erred in overruling the demurrer of the defendant to the evidence of the plaintiffs.

Second, that the court erred in giving instruction No. 3 to the jury, and in refusing to give instructions No. 1 and No. 2, requested by the defendant.

And, third, that there was error in the assessment by the jury of the amount of recovery, and that the damages were excessive and were given under the influence of passion and prejudice.

The evidence in this case, as preserved in the record before us, is very unsatisfactory on the material issues in the case. The testimony of neither the plaintiffs nor the defendant is of a clear and positive character. There was a general disposition on the part of the witnesses to overlook the issues in the case and testify concerning irrelevant matter. There was evidence, however, that when the contract in question was executed, the defendant contemplated the erection of a three-story brick building and that preliminary plans were submitted by the plaintiffs involving the construction of such building

It is insisted, however, by the defendant that these plans were not and could not be approved by him because they involved an encroachment upon adjoining property on which he had no right to go. On the contrary, it is insisted by the plaintiffs that the defendant did not object to the plans submitted because they were not in accordance with instructions theretofore given, but solely because the defendant found that he could not construct a three-story building for the amount of money available to put into the building, he repudiated his contract and decided to erect a two-story building.

There is some evidence in the record tending to support both theories. There is much testimony that the defendant changed his mind frequently in regard to some feature of the proposition, and that these changing moods occasioned no little inconvenience on the part of the architects in the drawing of the plans.

It is admitted, however, as we understand it, that the plaintiffs prepared and submitted plans involving a three-story building, and that these plans were in accordance with instructions previously given, at least so far as the height of the building was concerned.

In these circumstances, we think the evidence was sufficient to take the case to the jury and to warrant the jury in finding for the plaintiffs upon the proposition that a breach of the contract by the defendant had occurred by reason of the fact that he had discovered after he let the contract that he could not erect a three-story building for the amount of money available, if they believed the testimony on this proposition.

If there is testimony reasonably tending to support the verdict, the Supreme Court will not substitute its judgment for that of the jury, and the determination of questions of fact will not be disturbed on appeal. Hayslip v. Great American Insurance Company, 112 Kan. 189, 210 Pac. 188; Sand Springs R. Co. v. Smith, 84 Okla. 211, 203 Pac. 207; Garrison Coal Co. v. Semple, 82 Okla. 60, 198 Pac. 497.

As pointed out above, on account of a lack of clear and positive testimony on many of the vital issues in the case, the weight of the testimony would be governed largely by the appearance and manner of the witnesses on the stand and the jury could and did, no doubt, in weighing the testimony, give due and proper consideration to these matters.

If the trial court did not err in submitting the case to the jury, it follows that the verdict of the jury must stand, unless the jury erred in the assessment of the amount of recovery. In our judgment, the jury did so err, and the verdict and judgment for $1,100 is excessive upon the facts proven.

The defendant testified that when the preliminary plans were submitted, the defendant refused to accept them because he could not construct a three-story building for $3,000. At this point there occurred a breach on the part of the defendant of his contract which discharged the plaintiffs from any further obligations on their part under the contract.

In answer to questions propounded by counsel, the plaintiff Rixse testified:

"Q. How long after June 6, 1919, was it until you presented him with the preliminary drawings? A. Well, sir, I don't know just what day, but it must have been along the latter part of July; somewhere along the latter part of July. Q. Did Mr. Wetzel have those plans changed? A. Yes, sir, he changed about every night."

The exact date on which the defendant repudiated the contract, as claimed by the plaintiffs, is not shown in the evidence, but it is in evidence that he repudiated the contract with the plaintiffs in some manner from the very inception of the preliminary plans. Under these circumstances, we do not think the plaintiffs were justified under their theory of the case in performing other services provided for in the contract and claiming compensation therefor. Their recovery is limited to the amount of the damage they had sustained at the time of the breach. If subsequent to this breach they completed working drawings and specifications, they did so at their peril, and can recover nothing as compensation therefor. If their testimony is to be believed, the defendant was repudiating the contract in some manner from the time the preliminary drawings were completed and we do not think that they can be permitted to recover compensation for services rendered under the contract after that time, and that any sum allowed therefor by the jury is excessive.

The plaintiffs testified that the cost of the erection of the building embodied in the plans submitted to the defendant would be from $42,000 to $50,000. The contract provided as compensation for preliminary drawings one per cent. of the estimated cost of the building. Allowing $50,000 as the estimated cost of the building, it is obvious that $500 would be the maximum sum which the jury could have properly allowed.

We do not think the instructions requested by the defendant were applicable under the issues raised by the pleadings in the case at bar, and that the court committed no error in refusing the same. They were based upon the theory that the plaintiffs were suing for money due under an executed agreement, whereas the suit was based upon a breach of an executory contract. If the defendant had broken the contract, the plaintiffs were not authorized to submit complete working drawings and specifications, and there was nothing left in the contract for approval by the defendant.

We think instruction No. 3, given by the court to the jury fairly stated the law applicable to the issues in the case as raised by the pleadings, and that the court did not commit error in giving such instruction.

It follows that the verdict of the jury is clearly in excess of any sum which could be based upon the idea of compensation under the facts proven, and that the jury were clearly mistaken in the rules of law by which damages are regulated. However, being convinced that a case of liability is shown, it is ordered that, if the plaintiffs will file a remittitur for all in excess of the sum of $500, and interest thereon from the date of the verdict, within 30 days

from the receipt of the mandate herein by the trial court, the judgment, as thus modified, will be affirmed. Otherwise the judgment will be reversed and remanded and a new trial granted.

By the Court: It is so ordered.