### SWIFT, Rec., v. PAYNE.

No. 17744.   Opinion Filed March 6, 1928.

(Syllabus.)

**Appeal and Error—Review—Questions of Fact—Conclusiveness of Verdict.**

Where there is testimony reasonably tending to support the verdict, the Supreme Court will not substitute its judgment for that of

the jury, and the determination of questions of fact by the jury will not be disturbed on appeal.

Error from District Court, Rogers County; C. H. Baskin, Judge.

Action by A. A. Swift, receiver, against C. H. Austin and Tom Payne. Judgment for defendant Payne, and plaintiff appeals. Affirmed.

Robson & Moreland, for plaintiff in error.

A. D. Cochran and E. T. Noble, for defendant in error.

PHELPS, J. The First National Bank of Claremore filed its petition in the district court of Rogers county, alleging that one C. H. Austin was indebted to Tom Payne, defendant in error, in the sum of $1,700, and that in order to enable him to pay said indebtedness it loaned him said amount, taking his promissory note therefor with an understanding and agreement that the loan was made upon the express condition that Tom Payne should indorse said note; alleged that Payne did indorse the note, that default had been made in the payment, and prayed judgment against Austin and Payne for the amount due.

No service was had on Austin. Payne filed his answer, denying generally the allegations of plaintiff's petition; alleged that he did not know of the transaction between the bank and Austin until more than 30 days after the note was given and that he indorsed said note without consideration and at the solicitation of and as an accommodation to the plaintiff bank. He further pleaded that the plaintiff bank agreed when he indorsed the note that it would procure an assignment of certain oil and gas leases from Austin, hold them in the bank and deliver them to Payne to indemnify him if it became necessary for him to pay said note; that when the note became due he went to the bank and offered to pay the amount of the note upon condition that the bank would surrender to him the assignment of such oil and gas leases executed by Austin and held by the bank, and that the bank refused to so surrender such assignments.

The evidence was conflicting and the question submitted to the jury under the instruction of the court was whether Payne was an accommodation indorser for the bank without consideration and therefore not liable for the debt, or whether he was an accommodation indorser for Austin, together with the additional question as to whether, as an inducement for him to indorse the note, the bank agreed that in case of liability it would deliver to him the oil and gas leases, and whether it refused to so deliver them upon his offer to pay the indebtedness, and from a verdict and judgment for defendant the bank, through A. A. Swift, its receiver, appeals.

Plaintiff's first assignment of error is the court's refusal to sustain its demurrer to defendant's evidence and instruct the jury to find for plaintiff, contending that there was a fatal variance between the defense pleaded and the evidence in support thereof and that the evidence did not constitute a defense. It is contended by plaintiff that the assignment of the oil and gas leases was evidence of the claim that Payne was an accommodation indorser for Austin. There was evidence introduced, however, showing that the cashier of the bank on several occasions had urged Payne to indorse the note, long after it had been given and accepted by the bank, by stating to him that the vice president was "chousing him to death" about the note because it contained only the signature of the maker, and that the cashier called Payne into the bank and showed him the assignments of some oil and gas leases executed by Austin some five or six months prior thereto and told him that if he would sign the note as an accommodation to the bank and Austin did not pay it, he would turn these assignments over to him, but that when the demand for payment was made and Payne offered to pay, the bank refused to deliver the assignments, and practically all the evidence goes to show that Austin did not know that Payne had indorsed the note until demand was made for payment, and on page 148 of the record counsel for the bank, during the trial of the cause, said in open court:

"It is admitted all the way through that this fellow (Austin) didn't know that Tom Payne signed it."

We, therefore, cannot agree with counsel for plaintiff that there was a fatal variance between the pleadings and the proof or that the court would have been justified in directing a verdict for plaintiff. As we view it, the primary question involved was a question of fact—whether Payne was an accommodation indorser for the bank without consideration or whether he was an indorser for Austin.

The defense pleaded was permissible and susceptible of proof by oral testimony. Ladd v. Ardmore State Bank, 43 Okla. 502, 143 Pac. 170.

This court has so often announced the rule that on disputed questions of fact the

judgment of the trial court, based upon the verdict of the jury, will not be disturbed if there is any evidence reasonably tending to support it, that we deem it unnecessary to cite authorities on this point. Wetzel v. Rixse, 93 Okla. 216, 220 Pac. 607.

There are other assignments of error, but they are, in a measure, dependent upon the main question presented here, and, in view of the conclusion herein reached, we deem it unnecessary to dispose of them separately. The judgment of the trial court is, therefore, affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See 4 C. J. p. 853, §2834; 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.