**PRYER et al. v. FURNISH, Adm'x, et al.**

No. 17989.    Opinion Filed March 13, 1928.

(Syllabus.)

**1. Jury—Waiver of Jury Trial—Withdrawal of Waiver Properly Denied.**

Under section 555, C. O. S. 1921, parties to an action on a promissory note and to foreclose a real estate mortgage can waive trial by jury, and where one of the parties attempts to withdraw said waiver and asks for a jury trial, it is not error for the trial court to deny the same.

**2. Vendor and Purchaser—Action on Purchase Money Notes and Mortgage—Defense of Failure of Consideration on Account of Defective Title—Necessity for Defendant to Offer to Restore Property.**

In an action upon a promissory note and for foreclosure of the mortgage securing the said note, where the note and mortgage are for a part of the purchase price of the real estate described in said mortgage, and the defense offered is failure of consideration for the reason that title to part of the real estate was defective, it is insufficient where the answer does not contain an offer to restore the real estate or property for which the note was given.

Error from District Court, Delaware County; A. C. Brewster, Judge.

Action by Alma B. Furnish, Administratrix, of the estate of J. E. Furnish, deceased, and another against Lillie M. Pryer and another. Judgment for plaintiffs, and defendants bring error. Affirmed.

Robert W. Maupin, for plaintiff in error.

O. R. Puckett and J. B. Coppedge, for defendants in error.

CLARK, J. Plaintiffs in error were defendants below; defendants in error were plaintiffs below; parties will be referred to as they appeared in the trial court.

This action was commenced in the district court of Delaware county by plaintiffs seeking a judgment against the defendants on a promissory note executed by defendants to one F. W. Shotliff in the sum of $2,000 secured by real estate mortgage on land located in Delaware county, Okla.

Plaintiffs allege that said note was assigned to them after maturity. Plaintiffs ask for judgment in the principal sum named in said note, interest thereon, attorney's fees, and for a foreclosure of the mortgage given as security for said note.

Defendants answered, pleading fraud and misrepresentation, failure of consideration, asking for affirmative relief in damages against plaintiffs. Defendants further allege in their answer that said note was given as part payment of the land in question, approximately 200 acres, and that the title to 116 acres was defective and insufficient to convey title to the defendants.

Jury was waived, trial was had to the court, judgment was rendered for plaintiffs, and defendants appealed.

The facts are that on or about the 1st day of November, 192—, Lillie M. Pryer and J. W. Pryer, husband and wife, were the

owners of two apartment buildings in Kansas City, Mo., which were incumbered in the amount of $17,500. F. W. Shotliff was the owner of a dwelling house and town lot with seven acres of ground at Southwest City, Mo., together with an adjacent 200 acres in Delaware county, Okla. Shotliff traded this property to the Pryers for the apartment houses in Kansas City. The Pryers agreed to pay Shotliff a difference of $6,250. Shotliff assumed the mortgage indebtedness against the property traded to him by the Pryers. The Pryers executed a note and mortgage to Shotliff in the sum of $4,250, said mortgage being on the house and seven acres of land in Missouri, and another note in the sum of $2,000 secured by mortgage on the land in Delaware county, Okla. This is the note and mortgage in question. Defendants had the title examined and found that approximately the title to 116 acres of land was defective and that Shotliff did not convey to defendants a good and merchantable title. Defendants made no attempt to rescind the contract, and so far as the record shows at the time of the trial of this cause were still in possession of this property, taking the rents and profits therefrom.

Defendants' petition in error presents eight assignments of error, which are presented under two heads.

"(1) That the court erred in denying the defendants a trial by jury."

Defendants' attorney entered into a stipulation with attorneys for plaintiffs which is as follows:

"It is hereby stipulated between the parties that case may be reset for hearing at as early a date as the court will set, jury being waived, after October 20, 1925, upon which no further continuances will be asked for except upon grounds sufficient in law to support a demand for such continuance."

This was filed in court the 13th day of October, 1925. On the 12th day of April, 1926, defendants filed in court notice of demand for a jury trial. When the cause was called for trial, there was no jury present and the trial court overruled the defendants' request for a jury trial, to which action of the court defendants saved their exceptions.

Section 555, C. O. S. 1921, provides:

"The trial by jury may be waived by 'the parties in actions arising on contract and with the assent of the court, in other actions, in the following manner: By consent of the party appearing, when the other party fails to appear at the trial by himself or attorney. By written consent, in person or by attorney,

filed with the clerk. By oral consent, in open court, entered on the journal."

This right of trial by jury was waived by the defendants by written consent, by attorney representing the defendants, filed with the clerk, and defendants were not in a position to later attempt to withdraw said waiver. The right of trial by jury was a right which belonged to the plaintiffs as well as to the defendants and could not be waived by either without the consent of the other, and the court did not commit error in overruling defendants' application for a jury trial.

(2) It is next contended by defendants, plaintiffs in error, that the consideration for the mortgage had failed and that title to a part of the real estate was defective; that fraud was practiced by the assignor of the note, Shotliff, in making the trade, and that the court committed error in not rendering judgment for the defendants.

Defendants retain all property received from plaintiff's assignor, Shotliff, have not offered to rescind the contract or restore any of the property, but defend on the ground of the failure of consideration and fraud.

This court in the case of Zufall v. Payton, 26 Okla. 808, 110 Pac. 773, announces the following rule:

"A defendant in a suit to foreclose a vendor's lien reserved in an administratrix's deed purporting to convey to him certain lands of which he is in possession may resist the payment of the balance of the purchase money upon the ground that said administratrix's deed was void, but must, in order to avail himself of that defense, offer to restore the premises, together with the rents and profits accruing during the time possession was withheld."

In the case of Pugh v. Stigler, 21 Okla. 854, 97 Pac. 566, this court said:

"A vendee, having a bond for title and in possession of the land, may resist the payment of the purchase money when the title of the vendor has failed, but must, in order to avail himself of that defense, offer to rescind and restore the premises to the vendor."

In the case of Herron v. Harbour, 57 Okla. 71, 155 Pac. 506, this court said:

"Where land has been sold and conveyed to a party with covenants of warranty and notes taken in payment for same, for the vendee to defend against an action for the collection of the notes on the ground of failure of title, the answer must contain an offer to reconvey. (b) Where the answer does not contain an offer to reconvey, the same is so defective, when challenged on that account for the first time by an ob-

jection to the introduction of evidence, it is error not to sustain the objection."

In the case of Howe v. Martin, 23 Okla. 561, 102 Pac. 128, this court said:

"A person induced by false and fraudulent representations to purchase or exchange for property has three remedies: He may, first upon discovery of the fraud, rescind the contract absolutely, and sue in an action at law, and recover the consideration parted with upon the fraudulent contract, and in such a case he must restore, or offer to restore, to the parties sued whatever he has received by virtue of the contract; or, second, he may bring an action in equity to rescind the contract, and in such a case it is sufficient for plaintiff to restore, or make an offer in his petition to restore, every thing of value which he has received under the contract; or, third, he may affirm the contract, retain that which he has received, and bring an action at law to recover the damages sustained by reason of his reliance upon the fraudulent representations."

It is true that plaintiffs stood in the shoes of Shotliff and any defense which could have been offered to the note in the hands of Shotliff was available to the defendants in this cause. Defendants' defense was insufficient to defeat the claim of plaintiffs, and the trial court did not err in rendering judgment for plaintiffs.

Finding no error, the judgment of the trial court is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, HUNT, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 35 C. J. p. 197, §104; p. 222, §139; 16 R. C. L. p. 218; 3 R. C. L. Supp. p. 550; 5 R. C. L. Supp. p. 875; 6 R. C. L. Supp. p. 953. (2) 8 C. J. p. 922, §1205; 27 R. C. L. p. 653.