## STATE ex rel. JOHNSON, State Bank Com'r. v. WYBRANT.

No. 26921. Feb. 11, 1936.

A. Francis Porta, for petitioner.

O. C. Wybrant, pro se.

RILEY, J. On November 5, 1935, in

Voightlander v. State ex rel. Barnett, 175 Okla. 165, 52 P. (2d) 60, this court affirmed a judgment of the superior court of Garfield county, whereby it was finally adjudicated that Walter Voightlander must pay a statutory state bank stockholder's liability. On January 2, 1936, execution was issued pursuant to the final judgment. A levy was made on property of the judgment debtor. On January 14, 1936, the Honorable O. C. Wybrant, Judge, restrained the execution and stayed the Bank Commisisoner from disposing of assets of the Bank of Hillsdale.

The petitioner avers that the action of the respondent is without authority of law and that the view of the respondent, that the Bank Commissioner must exhaust all resources of the bank before requiring stockholders to pay their statutory liability, is erroneous.

The response filed admits the essential facts and submits the issue on the sole ground as to whether execution may be stayed until ascertainment of the fact whether other assets of the insolvent bank are sufficient to make unnecessary the execution issued under the judgment.

Under the provisions of sections 9130 and 9174, O. S. 1931, the necessity and the amount of assessments on stock of an insolvent bank rest in the discretion of the Bank Commissioner. Judicial inquiry into this matter is unnecessary and unauthorized. The liability is enforceable from the time of possession of the bank by the commissioner. Thompson v. State ex rel. Bank Commissioner, 119 Okla. 166, 248 P. 1110; State ex rel. Shull, Bk. Com'r, v. Hamblin, 132 Okla. 266, 270 P. 327.

The writ of prohibition, as prayed, is allowed and directed to be issued.

McNEILL, C. J., OSBORN, V. C. J., and WELCH, CORN, and GIBSON, JJ., concur. BAYLESS, BUSBY, and PHELPS, JJ., absent.