EZZELL v. ENDSLEY.

No. 32128. April 9, 1946.

Rehearing Denied June 4, 1946.

*169 P. 2d 309.*

Cad Mathis and A. C. Sewell, both of McAlester, for plaintiff in error.

Arnote & Arnote, of McAlester, for defendant in error.

BAYLESS, J. J. E. Endsley filed an action in the district court of Pittsburg county against C. D. Ezzell for relief relating to a contract between the two of them involving real estate. Ezzell appeals from a judgment in favor of Endsley canceling the contract and allowing rent sufficient to consume the money paid under the contract.

The parties executed two written contracts. The first was made July 29, 1939, whereby Endsley agreed to sell Ezzell a tract of land for $1,600, $200 of which was to be evidenced by a note payable in monthly installments, with the added proviso that on or before January 1, 1940, Ezzell should have possession and at the same time the parties should make out an escrow contract regarding the $1,400 balance. This $200 was paid. Ezzell was given possession on January 1, 1940. January 29, 1940, the parties executed the second contract. By its terms, (1) the $1,400 was to be paid $100 per year, with interest and with the option to pay larger sums, (2) Endsley was to furnish an abstract of title and execute and deliver a deed when the $1,400 was paid, and (3) should Ezzell breach the terms of the contract, the contract should be canceled and the money paid treated as rent and Endsley relieved of liability under the contract.

Endsley alleges that Ezzell breached the terms of the contract by failing to make the annual payments that had fallen due and asked for cancellation. Ezzell did not deny arrearage, but did controvert the amount of arrearage, and pleaded a tender and asked to be permitted to perform specifically the terms of the contract. After hearing all of the evidence, the trial judge found for Endsley and against Ezzell.

Ezzell first contends that Endsley's cause of action should have been dismissed and judgment rendered for him for specific performance of the contract. This is divided into a number of propositions. He argues that this, in reality, is an action for the rescission of a contract and the relief is governed by 15 O.S. 1941 § 235. This is not correct. This is an action for the cancellation of a contract, and a clear distinction exists between rescission and cancellation, 9 C.J. 1159 and 9 Am. Jur. 351, and that distinction is observed in this action. The decision of this court in Stone v. Ritzinger, 194 Okla. 653, 153 P. 2d 1006, disposes of the above proposition contrary to Ezzell, and likewise answers his other contentions by following a long line of authorities applying recognized principles to issues of the type involved herein contrary to Ezzell's position. As stated by this court in Lansford v. Gloyd, 89 Okla. 232, 215 P. 198, a contract similar to the one before us is a covenant to convey land and no estate in land passes to the vendee until performance. This does not mean, of course, that a vendee is without redress with respect to his contractual rights. Neither does it mean that the vendor's only interest is a lien for which foreclosure is the exclusive remedy, nor does it mean that a provision for the application of money paid on the contract to a satisfaction of the rental value is a provision for penalty in violation of the public policy manifested by 15 O.S. 1941 §11, §211 et seq. The Lansford Case, supra, illustrates the method for accounting between the contracting parties where the vendor successfully cancels the contract to con-

vey on account of the vendee's breach of its terms.

In this case there was evidence concerning the rental value of this property, and this evidence placed that value at the same sum as the annual payments. Under this record the application of the money paid in to satisfy the rental value that had accrued is in keeping with the rule laid down in the Landsford Case, supra.

Ezzell contends that said action should have been triable before a jury since it was an action in ejectment, and that it was error to refuse him a jury trial.

The denial of a jury trial in this case was not erroneous as involving an abuse of right or discretion, but correctly held Ezzell to a previous stipulation to waive a jury. The issue of tender was raised in the pleadings and evidence. The trial court resolved this issue generally for Endsley, and this is not against the weight of the evidence. The evidence on Ezzell's part discloses that he met Endsley on the street one day and stated he would pay off the whole debt, and Endsley refused to receive the money and referred Ezzell to his attorney. At the time the case was first called for trial Endsley agreed to accept Ezzell's offer of all that was due and to continue the contract according to its terms. The court allowed a continuance to enable the parties to agree on the amount of arrearage thus to be paid. The parties were unable to agree. At the trial Ezzell only tendered what was necessary to bring the debt up to date, and according to the general rule, 52 Am. Jur. 230, note 11, this does not amount to a tender. From all of this the trial court was justified in finding that no tender had been made that was sufficient to affect the rights of either party.

We think what has been said disposes of the second contention. No specific error is pointed out that requires a reversal of the judgment, and no rule of law is cited to support this proposition that equitable principles entitle Ezzell to a new trial or a changed

judgment giving him an opportunity to pay part of what is due and to complete performance of the contract according to its terms hereafter.

The judgment appealed from is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, DAVISON, and ARNOLD, JJ., concur.