Fred THOMPSON, Plaintiff in Error,

v.

W. BLAGG, Defendant in Error.

No. 36262.

Supreme Court of Oklahoma.

Oct. 25, 1955.

Rehearing Denied Jan. 31, 1956.

Application for Leave to File Second Petition for Rehearing Denied

March 6, 1956.

McNeill & McNeill, Tulsa, for plaintiff in error.

C. R. Thurwell and Ungerman, Whitebook, Grabel & Ungerman, Tulsa, for defendant in error.

## PER CURIAM.

Plaintiff in error urges that the trial court erred in failing to grant him a jury trial and in not giving him credit on the first and second causes of action for money admittedly paid defendant in error.

On April 13, 1953, the minutes of the Court Clerk show, as to this case, the following entry: "Jury waived by agreement. Set for non-Jury trial April 22, 1953." Thereafter, the case was tried to the court and judgment rendered. During the term, a motion to vacate the judgment was filed and thereafter sustained on July 17, 1953, and the case was thereupon set for a new trial on August 4, 1953. On August 3, 1953, the plaintiff in error filed a written demand for a jury trial which was denied by the court. Trial was had and the court rendered judgment against the plaintiff in error.

There can be no question but that plaintiff in error waived his right to a jury trial prior to the first trial of this case. 12 O.S.1951 § 591. It is not claimed, nor does the record show, that at any time after the initial waiver, either when the court ordered the first judgment vacated and the case set for re-trial, or subsequently, plaintiff in error ever evidenced any intention or desire contrary to, or inconsistent with, said waiver, until seventeen days after the aforesaid order, or the day before the new trial was to commence. Under the circumstances, we do not think the trial court abused its proper discretion in refusing his demand. Kimbriel v. State ex rel. Walcott, 106 Okl. 177, 233 P. 420; Pryer v. Furnish, 130 Okl. 40, 265 P. 110; Ezzell v. Endsley, 197 Okl. 194, 169 P.2d 309.

The pleadings creating the issues upon which the third cause of action was tried do not support the position taken by plaintiff in error that the court should have directed an application of funds, admittedly paid, to the credit of the first and second causes of action. The petition of the defendant in error contained three causes of action. The first cause of action was upon a promissory note allegedly executed on December 27, 1947. To this cause of action the plaintiff in error answered denying the execution of the note. In his testimony he specifically denied the execution of the note or that he had ever paid any part of it. The second cause of action alleged the loan of $400 to plaintiff in error in July, 1949, and that on December 16, 1950, there was a repayment of $150 of this amount. To this, the answer was that the loan was for $350 and that it had been repaid on August 19, 1949. The plaintiff in error admitted, in his testimony, that the loan was for $400, but maintained that he had repaid $300 of the amount in cash at a certain time and place. This asserted payment was not one of those admitted by the defendant in error. The third cause of action alleged a loan of $2,500 on January 27, 1948, and that there had been three separate partial payments on this loan amounting to $1,150. To this cause of action the plaintiff in error answered and cross-petitioned. The answer and cross-petition alleged: That in consideration of said sum, plaintiff in error was to divide equally with defendant in error the

income from apartments then being constructed; that the income to be divided was that to be earned prior to the first payment due to the mortgagee of said apartments; that he agreed to secure defendant in error employment during the construction of said apartments; that the apartments were not completed as expected and that "by reason of said facts, the defendant has paid the plaintiff $1025.00 in excess of the amount due him"; that defendant (plaintiff in error) is entitled to a judgment against plaintiff of $1,025. Defendant in error's reply controverted the new matter alleged. The trial court rendered judgment for the defendant in error on the first and second causes of action, and denied either party judgment on the third cause of action.

■ The answer and cross-petition specifically negative any theory of the application of funds to any transaction other than the third cause of action. The testimony of the parties at the trial substantially agrees with the allegations of the pleadings. The judgment of the court on the third cause of action was "the court refused to enter a judgment for the plaintiff for any sums whatsoever, and refused to enter judgment for the defendant on his cross-petition, and stated he would leave the parties exactly as they were, and that the plaintiff could not recover any further sums from the defendant, nor could the defendant recover any sums whatever heretofore paid from the plaintiff." The judgment on this cause of action is not appealed from by either party. And there is no suggestion in the record that the present theory of the application of the payments made by plaintiff in error was properly presented in the trial court. Consequently, no such theory will be considered here. Secrest v. Williams, 185 Okl. 449, 94 P.2d 252; Griswold v. Public Service Co. of Okl., 205 Okl. 412, 238 P.2d 322. In addition, the testimony of plaintiff in error shows that the payments were made by him without direction as to which debt they should be applied and that they were applied by defendant in error to the $2,500 transaction, except for part of one payment which was applied to the $400 debt, and about which plaintiff

in error does not complain. Defendant in error had authority to make such an application. Cooper v. Federal Nat. Bank of Shawnee, 175 Okl. 610, 53 P.2d 678.

■ There is ample evidence in the record to sustain the findings of the court on the factual issues in this case. In an action at law, tried to the court without a jury, the findings of the court will be given the same weight as a jury verdict, and, where there is competent evidence reasonably supporting the judgment and no error of law is shown, the judgment will not be disturbed on appeal. Wood v. Harris, 201 Okl. 201, 203 P.2d 710.

The judgment herein appealed from is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner JAMES H. NEASE, and approved by J. W. CRAWFORD and JEAN R. REED, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.